## COMMONWEALTH *vs.* JOHN FITZGERALD.

Essex.   November 7. — 8, 1877.   MORTON & SOULE, JJ., absent.

On an indictment for an assault with intent to ravish, the person assaulted testified that the defendant assaulted her ; that she knew where he lived ; and that during the same week she made complaint to the officer who made the arrest. The government offered evidence of what she told the officer at that time, which, upon the defendant's objection, was excluded. The defendant, for the purpose of showing that she did not tell the officer that he was the man who assaulted her, offered to prove that, up to his arrest, he was generally at his home, and that no effort was made to arrest him until a week after the alleged assault. The defendant still objecting to the evidence offered by the government which had been excluded, the judge declined to admit the evidence offered by the defendant. *Held,* that the defendant had no ground of exception.

INDICTMENT for an assault in Lawrence, upon Lizzie F. Hill, with intent to ravish.

At the trial in the Superior Court, before *Wilkinson,* J., Hill testified that the defendant made the assault upon her, on December 12, 1876, about midnight, while she was on her way home unattended ; that for a year previously she had known the defendant, and, at the time of the assault knew where he

lived; that on some day after the assault, but in the same week, she made complaint to the officer at the head of the Lawrence police force, who afterwards made the arrest. The government offered to prove what she said to the officer at the time she made complaint to him, but, upon the defendant's objection, the judge excluded the evidence.

It appeared in evidence that the defendant was not arrested until December 19, 1876, and the only question submitted by the defendant was the question of identity. For the purpose of showing that Hill did not tell the officer that the defendant was the man who assaulted her, the defendant offered to prove that, from the date of the assault to the time of his arrest, he was, during a greater portion of the time, at his home in Lawrence, where he could easily have been found, and that no effort was made to secure his arrest until December 19. This evidence being objected to, the judge asked the defendant if he still objected to the offer of evidence made by the government and excluded as aforesaid, and, being answered in the affirmative, the judge rejected this offer of evidence by the defendant.

The jury returned a verdict of guilty; and the defendant, alleged exceptions.

*E. T. Burley*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. The defendant has no ground of exception to the exclusion of the evidence offered by him. It had no tendency to prove that the witness Hill did not tell the officer that the defendant was the man who assaulted her, which was the only purpose for which it was offered. And evidence of what she told the officer had already been excluded, when offered by the Commonwealth, upon the defendant's objection.

*Exceptions overruled*